IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAMS R. JENKINS, | : | CIVIL ACTION NO. **1:CV-11-1061** |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

### I. Procedural Background.

On June 2, 2011, Petitioner Williams R. Jenkins, an inmate at FCI-Allenwood, White Deer, Pennsylvania, filed, *pro se*, the instant action styled as a Petition under the All Writs Act, 28 U.S.C. § 1651. (Doc. 1). Petitioner's lengthy Petition is 42 typed pages. Petitioner states that "extraordinary grounds exist, where the law was not applied to Petitioner's case." (*Id.*, p. 6). Petitioner states that he is entitled to relief under the All Writs Act since his claims are not "redressable (sic) by some other means." Specifically, Petitioner states, in part, that one of his two prior convictions used by the federal court to enhance his sentence as a career offender, namely his Pennsylvania State simple assault conviction, did not qualify for a crime of violence based on the Supreme Court's decision in *Begay v. United States*, 553 U.S. 1137 (2008). Thus, Petitioner states that he is actually innocent of being a career offender. Petitioner also claims that he is actually innocent of aiding and abetting the use or carrying of a firearm in a drug crime under 18 U.S.C. § 924(c), based on *Bailey v. United States*, 576 U.S. 137 (1995). Further, Petitioner claims that the career offender guidelines were improperly given mandatory effect. As such,

Petitioner requests that this Court direct the sentencing Court to re-sentence him *sans* the career offender enhancement.

Petitioner also filed a Motion to proceed *in forma pauperis*. (Doc. 2).  On June 7, 2011, we issued an Order and denied Petitioner's Motion for leave to proceed *in forma pauperis* in light of the fact that Petitioner's Inmate Account indicated that he had $62.19 as of May 23, 2011.  We also directed Petitioner to pay the filing fee of $5.00 on or by June 21, 2011**,** or show cause why he is unable to do so.  (Doc. 4).  Petitioner paid the filing fee on June 6, 2011. (Doc. 5).

We find that Petitioner's Petition should be construed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

Named as sole Respondent in this Habeas Petition is the United States.[1]   The Habeas Petition has not yet been served on Respondent for a response.

We now give preliminary consideration to the Habeas Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)).  *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008 WL 4541945 (M.D. Pa.); *Francis v. U.S.* , 2009 WL 1010522 (M.D. Pa.); *Rivera v. Scism*, Civil No. 10-

---

[1]Petitioner named the incorrect Respondent.  Since we construe this action as a § 2241 habeas petition, and since Petitioner is presently confined at FCI-Allenwood, the Warden at this prison is the proper Respondent.  *See* 28 U.S.C. § 2242 and § 2243.  *See Rivera v. Scism*, Civil No. 10-1773, M.D. Pa.  Petitioner correctly filed his Habeas Petition with this Court since he is incarcerated in the Middle District of Pennsylvania.  *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

1773, M.D. Pa.[2]

## II. Factual Background.

On November 25, 1997, over thirteen (13) years ago, in the United States District Court

for the Middle District of PA, 97-CR-23, Petitioner was convicted by a jury of the following offenses:

| | | |
|---|---|---|
| Count One | Conspiracy to Defraud the United States | 18 U.S.C. § 371 |
| Count Two | Conspiracy to Distribute Marijuana | 21 U.S.C. § 846 |
| Count Three | Distribution of Controlled Substances (Marijuana) | 21 U.S.C. § 841(a)(1) |
| Count Four | Using and carrying firearms in connection with drug trafficking | 18 U.S.C. § 924(c)(1) |
| Count Five | Interstate travel in Aid of Racketeering | 18 U.S.C. § 1952 |
| Count Six | False Statement in Connection with the Acquisition of Firearms | 18 U.S.C. § 922(a)(4) |
| Count Seven | False Statements in connection with the acquisition of firearms | 18 U.S.C. § 922(a)(6) |
| Count Eight | Possession of firearms by a convicted felon | 18 U.S.C. § 922(g) |
| Count Ten | Unlawful transfer of machine guns | 18 U.S.C. § 922(o) |

---

[2]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

| Count Eleven | Possession of a firearm without a serial number | 26 U.S.C. § 5861(i) |

(Doc. 1, pp. 3-4).[3]

On October 1, 1998, Petitioner was sentenced in the United States District Court for the Middle District of Pennsylvania to an aggregate term of imprisonment to 570 months.  Petitioner states that he "was adjudicated as a Career Offender, as to Counts 2 and 3, based upon two purportedly qualifying convictions under USSG §4B1, one of which was a Pennsylvania Assault conviction." (*Id*., p. 4).  Petitioner also states:

> all of these terms [of imprisonment] were concurrent with a 210 Career Offender term, <u>but</u> all consecutive to a three-hundred sixty (360) month term imposed upon the Aiding and Abetting using or carrying a machine gun in relation to a Drug Trafficking crime conviction.

(*Id*.).

On October 7, 1998, Petitioner filed a notice of appeal of his J&C with the Third Circuit Court of Appeals.  On October 4, 1999, the Third Circuit affirmed the District Court's J&C.  (*Id*.). *See U.S. v. Jenkins*, 185 F. 3d 863 (3d Cir. 1999).  Petitioner states that he then filed a Petition for Writ of *Certiorari* with the United States Supreme Court and it was denied on November 1, 1999. Petitioner cites to *Jenkins v. U.S.*, 528 U.S. 978 (1999).  On September 20, 2000, Petitioner filed a Motion to Vacate his Sentence, pursuant to 28 U.S.C. § 2255, which "primarily challenged the conviction and sentencing upon *Apprendi* grounds, ... , and ineffective assistance of counsel issue ... ."  (*Id*., p. 5).  Petitioner states that his §2255 Motion  was denied by the District Court on

---

[3]Petitioner was found not guilty of Count Nine.  To the extent our statement as to the Counts Petitioner was convicted of differs from Petitioner's statement, we have followed Petitioner's Criminal Docket Sheet, 97-CR-23, M.D. Pa.

February 1, 2001.  (*Id*.).  Petitioner cites to Civil No. 00-1672, M.D. Pa.

Petitioner then states:

> The Third Circuit Court of Appeals, by order dated July 29, 2002, granted petitioner a Certificate of Appealability upon the asserted <u>Apprendi</u> issue.

> By order dated June 18, 2003, the Court of Appeals affirmed the District Court's denial of petitioner's § 2255.  <u>Jenkins v. United States</u>, ___ F.3d ____ (3d Cir. 2003) [NO 01-1722]

> The Supreme Court again declined to accept petitioner's case for review.  <u>Jenkins v. United States</u>, 540 U.S. 932 (2003).

> Petitioner now brings this action for a Writ of Audita Querela, as extraordinary grounds exist, where the law was not applied to petitioner's case, which require relief.

(*Id*., pp. 5-6).

Petitioner does not state if he filed a  request to file a second or successive § 2255 motion with the Third Circuit.  However, Petitioner's Criminal Docket Sheet indicates that on March 13, 2006, the Third Circuit denied Petitioner's application under 28 U.S.C. § 2244 to file a second or successive § 2255 motion.

Petitioner is presently serving his Middle District of Pennsylvania federal sentence at FCI-Allenwood.

We shall recommend that the Petitioner's Petition be construed as a §2241 habeas petition, and that it be dismissed for lack of jurisdiction since §2255 is Petitioner's remedy with respect to his claims.

### III. Discussion.

Initially, as stated, we construe Petitioner's present case as a Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2241 and not as a Petition under the All Writs Act.

The Court stated in *Mitchell v. U.S.*, 419 F. Supp. 2d 709, 711(W.D. Pa. 2005):

> 28 U.S.C. § 1361 states that "[t]he district courts
> shall have original jurisdiction of any action in the
> nature of mandamus to compel an officer or
> employee of the United States or any agency thereof
> to perform a duty owed to the plaintiff."

The *Mitchell* Court also stated:

> This Court has the authority to issue a Writ of Mandamus
> pursuant to the All Writs Act, 28 U.S.C. § 1651(a).  The
> Act states that "[t]he Supreme Court and all courts
> established by Act of Congress may issue all writs
> necessary or appropriate in aid of their respective
> jurisdictions and agreeable to the usages and principles
> of law."  *Id.*

*Id*. at 712.

The standards for determining if a Writ of Mandamus should issue are:

> According to the Supreme Court, "[t]he extraordinary
> remedy of mandamus under 28 U.S.C. § 1361 will
> issue only to compel the performance of a 'clear
> nondiscretionary duty.'" *Pittston Coal Group v.
> Sebben*, 488 U.S. 105, 121, 109 S.Ct. 414, 424,
> 102 L.Ed.2d 408, 425 (1988) (quoting *Heckler v.
> Ringer*, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d
> 622 (1984)).  The Petitioner must show that he has
> no other adequate means to attain the relief he desires
> and that he has a clear and indisputable right to
> the writ.  *See Glenmede Trust Co. v. Thompson*, 56
> F.3d 476, 482 (3d Cir. 1995).  Once the Petitioner has

> made such a showing, it is still within the discretion
> of this Court to determine whether to issue the
> writ.  *See id.*

*Id.*

The Court in *Bartosek v. Com of Pa.*, 2005 WL 2250684, * 1 (W.D. Pa.), stated:

> Mandamus is a "drastic remedy that 'is seldom issued and [ ] is  discouraged." '
> *In re Patenaude,* 210 F.3d 135, 140 (3d Cir.2000). Petitioners  must demonstrate
> that they "lack adequate alternative means to obtain the relief they seek" and they
> "carry the burden of showing that their right to issuance of the writ  is 'clear
> and indisputable." ' *Mallard v. United States District Court for the Southern
> District of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989).
> Section 1361 provides the federal courts with jurisdiction "in the nature of
> mandamus to compel an officer or employee of the United States or any
> agency thereof to perform a duty owed to plaintiff." *Id.*

In *Murray v. Grondolsky*, 369 Fed. Appx. at 320, the Court stated that "mandamus relief is

to be issued only in extraordinary circumstances, where the Petitioner demonstrates that he has no

alternative means to achieve the relief sought, and that he has a clear and indisputable right to the

writ."  (Citation omitted).  As discussed below, we find that Petitioner has other relief available to

raise his instant claims, namely a §2255 Motion.

In *Hill v. Lappin*, 2010 WL 3398989, *3 (M.D. Pa. 8-25-10), the Court stated:

> Moreover, "[m]andamus is an extraordinary remedy that can only be granted
> where a legal duty 'is positively commanded and so plainly prescribed as to
> be free from doubt.'  *Appalachian States Low-Level Radioactive Waste Comm'n
> v. O'Leary,* 93 F.3d 103, 112 (3d Cir.1996) (quoting *Harmon Cove
> Condominium Ass'n, Inc. v. Marsh,* 815 F.2d 949, 951 (3d Cir.1987)). *See
> Ararat v. District Director, ICE,* 176 F.App'x. 343 (3d Cir.2006).
> Therefore: Mandamus "is intended to provide a remedy for a plaintiff only if
> he has exhausted all other avenues of relief and only if the defendant owes
> him a clear nondiscretionary duty." *Heckler v. Ringer,* 466 U.S. 602, 616,
> 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (discussing the common-law
> writ of mandamus, as codified in 28 U.S.C. § 1361). *See also Stehney,* 101
> F.3d at 934 (mandamus relief is a drastic remedy only to be invoked in

extraordinary circumstances).

*Stanley v. Hogsten* 277 F.App'x. 180, 181(3d Cir.2008).

> As one court has aptly observed when describing the precise and exacting standards which must be met when a petitioner invokes the writ of mandamus: The remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances." *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 34, 101 S.Ct. 188, 66 L.Ed.2d 193,(1980). Only "exceptional circumstances amounting to a judicial 'usurpation of power' " will justify issuance of the writ. *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 289, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988) (quoting *Will v. United States,* 389 U.S. 90, 95, 88 S.Ct. 269, 19 L.Ed.2d 305(1967)); *see also In re Leeds,* 951 F.2d 1323, 1323 (D.C.Cir.1991). Mandamus is available only if: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *In re Medicare Reimbursement Litigation,* 414 F.3d 7, 10 (D.C.Cir.2005) (quoting *Power v. Barnhart,* 292 F.3d 781, 784 (D.C.Cir.2002)); *see also Banks v. Office of Senate Sergeant-At-Arms and Doorkeeper of the United States Senate,* 471 F.3d 1341, 1350 (D.C.Cir.2006) (concluding that the extraordinary remedy of mandamus need not issue in a case arising under the Congressional Accountability Act where the issue could be addressed by an appeal from a final judgment). The party seeking mandamus "has the burden of showing that 'its right to issuance of the writ is clear and indisputable.' " *Power v. Barnhart,* 292 F.3d at 784 (quoting *Northern States Power Co. v. U.S. Dep't of Energy,* 128 F.3d 754, 758 (D.C.Cir.1997)). Where the action petitioner seeks to compel is discretionary, petitioner has no clear right to relief and mandamus therefore is not an appropriate remedy. *See, e.g., Heckler v. Ringer,* 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984); *Weber v. United States,* 209 F.3d at 760 ("[M]andamus is proper only when an agency has a clearly established duty to act.").

*Carson v. U.S. Office of Special Counsel,* 534 F. Supp.2d 103, 105 (D.D.C.2008).

In the present case, Petitioner Jenkins seeks this Court to direct the sentencing District Court, Middle District of Pennsylvania, to re-sentence him based, in part, on his claim that the sentencing court incorrectly enhanced his federal sentence by classifying his a Career Offender under Section 4B 1.1 of the United States Sentencing Guidelines because it improperly relied upon his

Pennsylvania State simple assault conviction which he states is no longer a crime of violence.  As such, Petitioner states that he is actually innocent of being a career offender.

Regardless of how Petitioner Jenkins styles his instant action, we find that Petitioner's present case is a § 2241 habeas petition and that it should be dismissed for lack of jurisdiction.  Specifically, we find that § 2255 is an adequate and effective remedy for Petitioner to raise his instant habeas claims.  *See Thomas v. Martinez,* 2010 WL 3699922 (M.D. Pa. 7-19-10) adopted by 2010 WL 3703303 (M.D. Pa. 9-14-10); *Rivera v. Scism*, Civil No. 10-1773, M.D. Pa. (11-29-10); *Blum v Holt*, 2010 WL 2926596 (M.D. Pa. 5-7-10).

Simply because Petitioner's prior §2255 Motion was dismissed by the District Court does not render this motion as inadequate or ineffective for Petitioner to raise his present claims.  Suffice to say that, based on recent Middle District cases directly on point, we find Petitioner's present habeas claims must be raised *via* a 2255 motion.  *See Blum v Holt*, 2010 WL 2926596 (M.D. Pa. 5-7-10)(Court held that it lacked jurisdiction over inmate's §2241 habeas claim that the federal sentencing court incorrectly determined that he was a career criminal for purposes of sentencing based on a prior state court conviction.); *DiFilippo v. Sniezek*, Civil No. 10-0406, M.D. Pa., aff'd. 2010 WL 3965893 (3d Cir. 10-12-10) (Court found that §2255 Motion was remedy for Petitioner who claimed that he should not have been sentenced as a career offender and that his guideline range should not have been increased, since the Supreme Court recently found that escape was not always a crime of violence for purposes of sentencing a Defendant as a career offender);[4]

---

[4]n *DiFilippo v. Sniezek*, 2010 WL 3965893, *2 (3d Cir. 10-12-10), the Third Circuit Court stated that "the District Court did not err in directing DiFilippo to seek relief under §2255."

*Thomas v. Martinez, supra* (Court found that §2255 Motion was remedy for Petitioner who claimed that he should not have been sentenced as a career offender since the sentencing court improperly used prior convictions obtained when Petitioner was under the age of 18*)*.

In *Johnson v. Scism*, Civil No. 10-2353, M.D. Pa., Petitioner Johnson claimed that the federal sentencing court improperly considered his prior Pennsylvania state court convictions to determine he was a career offender, which caused his federal sentence to be increased to a maximum of 275 months in prison and which exposed him to a longer sentence. The Court found that a § 2255 motion was the proper remedy, and not a § 2241 habeas petition, for Petitioner Johnson to raise this stated claim. The *Johnson* Court relied, in part, on *Blum v Holt*, 2010 WL 2926596 (M.D. Pa. 5-7-10) adopted 2010 WL 2926593 (M.D. Pa. 7-26-10).

We also find that Petitioner Jenkins cannot use a §2241 habeas petition to raise his *Bailey* claim. In the case of *Black v. USP Lewisburg*, a 253 Fed. Appx. 209 (3rd Cir. 2007), the Petitioner filed a §2255 motion with the sentencing court raising a *Bailey* claim that his § 924(c) conviction had to be vacated based on *Bailey*. The Third Circuit held that since "[Petitioner] Black brought his §2255 petition in the sentencing court over four years after the Supreme Court decision in *Bailey* . ... he does not fall within the ambit of *Dorsainvil*." 253 Fed. Appx. at 211. Similarly, Petitioner Jenkins filed his §2255 motion with the sentencing court in September 2000, about five years after the *Bailey* decision, and it was denied. Petitioner then filed an appeal to the Third Circuit regarding the District Court's order denying his §2255 motion, and in August 2003, well after *Bailey* was decided, the Third Circuit affirmed the District Court's decision denying Petitioner's §2255 Motion.

As in the *Black* case, since Petitioner Jenkins had an opportunity to raise his *Bailey* claim in his previous §2255 motion with the sentencing court and on appeal in the Third Circuit, we find that Jenkins "may not use a §2241 petition to make an end run around §2255's limitations on successive motions for relief." 253 Fed. Appx. at 211.

Further, we find that Petitioner Jenkins cannot use a §2241 habeas petition to raise his *Begay* claim. In *Selby v. Scism*, 2010 WL 3812012, *4 (M.D. Pa. 8-18-10) adopted by 2010 WL 3812005 (M.D. Pa. 9-23-10), the Court found that a §2255 Motion was the remedy for Petitioner to raise his *Begay* claim. The *Selby* Court stated:

As stated, Petitioner has already attempted to utilize § 2255, but this does not show that § 2555 is inadequate or ineffective to raise his present habeas claims. *See Rivera v. Scism*, Civil No. 10-1773, M.D. Pa.; *Blum v Holt*, 2010 WL 2926596 (M.D. Pa. 5-7-10) adopted 2010 WL 2926593 (M.D. Pa. 7-26-10). Petitioner seems to claim that § 2255 is inadequate or unavailable in light of the fact that his 1-year statute of limitations to file another § 2255 motion has expired. However, Petitioner can nonetheless file another motion to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3) with the Seventh Circuit Court of Appeals.

In *Sperling v. Hogsten*, Appeal No. 07-3032, (3d Cir. 10-19-07)(Non-Precedential), slip op. pp. 3-4, the Third Circuit stated:

> A federal prisoner can seek relief under section 2241 only if the remedy
> provided by section 2255 is inadequate or ineffective to test the
> legality of his detention. 28 U.S.C. § 2255; *Cradle v. U.S. ex rel. Miner*,
> 290 F.3d 536, 538 (3d Cir. 2002). A section 2255 motion is not
> "inadequate or ineffective" merely because the sentencing court
> has denied relief, *Cradle*, 290 F.3d at 539, or because the petitioner
> cannot meet the gatekeeping requirements of section 2255, *Okereke v.*
> *United States*, 307 F.3d 117, 120 (3d Cir. 2002). As noted above,

> Sperling has already filed three unsuccessful motions pursuant to section 2255 in the sentencing court, and at least two applications to the Second Circuit for permission to file another, all of which essentially raised the same claims he raises here. However, the fact that Sperling cannot prevail under section 2255 does not render it "inadequate or ineffective" to protect him. *See Cradle*, 290 F.3d. at 539. Therefore, the District Court properly dismissed Sperling's petition pursuant to 28 U.S.C. § 2241.

In *Green v. Apker*, 2005 WL 1138478, * 4 (M.D. Pa.), this Court stated that there is "a high bar for what a court will consider a serious constitutional issue sufficient to allow a Petitioner to bring a § 2241 petition to challenge a conviction or sentence." This Court stated that the request for relief under § 2241 must be based on newly discovered evidence or an intervening change in substantive law that would negate the criminal nature of Petitioner's conduct leading to his federal conviction. *Id*.

In the case of *Littles v. U.S.*, 142 Fed. Appx. 103 (3d Cir. 2005) (Per Curiam), the inmate filed a § 2241 habeas petition claiming that one of his previous state convictions should not have been used by the sentencing court in determining that he was a career offender under U.S.S.G. § 4 B1.1 since the one state conviction was unconstitutionally obtained. The Third Circuit held that inmate could not pursue his claim *via* § 2241 habeas petition since no showing that § 2255 motion was inadequate or ineffective. The Third Circuit vacated the portion of the Middle District of Pennsylvania District Court's decision that considered Littles' habeas petition claim on its merits. The Third Circuit concluded that "[because Littles was proceeding pursuant to § 2241, the District Court was without jurisdiction to consider the merits of his petition." *Id*. at 104.

Based on *Littles*, as well as *Thomas, Blum* and *DiFilippo*, this Court is clearly without jurisdiction to consider our Petitioner Jenkins' § 2241 Habeas Petition. We find that Petitioner's

recourse is to seek permission from the appeals court to file a second motion under § 2255 with

respect to his 1998 federal sentence.   Thus, Petitioner's contention that his sentence of 570 months

was, in part, impermissibly based on the sentencing court's finding that he was a career criminal

must be raised in a § 2255 motion.   *See Littles, supra; Blum, supra.*   Also, Petitioner's *Bailey* claim

must be raised in a § 2255 motion.   Petitioner must seek his relief *via* that vehicle even though he

is required to seek permission from the appeals court to file a second § 2255 motion.   *Okereke,*

*supra.*

In this case, even though Petitioner has already filed a § 2255 motion regarding the sentence

for which he is presently incarcerated, he does not demonstrate a personal inability to utilize this

remedy.   Despite the fact that he did file a previous § 2255 motion as to his sentence, he does not

establish the inadequacy or ineffectiveness of the remedy itself.   *See Berry v. Lamer,* Civil No. 96-

1678, *slip op* at 13-14 (M.D. Pa. April 30, 1997) (Kosik, J.) (finding that existence of two orders from

circuit court warning petitioner that no other submission shall be filed or entertained in his case,

did not render his remedy by way of Section 2255 motion inadequate or ineffective); *Holland v.*

*Harding,* Civil No. 95-0870, *slip op* at 4 (M.D. Pa. Nov. 21, 1995) (McClure, J.) (holding that

entering into a sentencing agreement wherein the right to challenge the conviction or sentence by

direct appeal or by Section 2255 motion is waived does not render a Section 2255 motion

inadequate or ineffective); *see also In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir. 1997) (denying

motion for certification to file a second Section 2255 petition without prejudice to petitioner filing

a Section 2241 habeas corpus petition because passage of a subsequent law may negate the crime

of which he was convicted, the Third Circuit Court of Appeals stated in dicta, "[w]e do not suggest

that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  Such a holding would effectively eviscerate Congress's intent in amending § 2255.")**.**

In *Hornaday v. Lamanna*, 2000 U.S. App. LEXIS 10785 ( 6th Cir. 2000), Petitioner filed a § 2241 petition claiming that he was improperly sentenced under the ACCA because his 1966 burglary conviction did not constitute a crime of violence under the U.S.S.G. and because it did not involve a dwelling.  The Court found that § 2255 was Petitioner's remedy and that the District Court lacked jurisdiction over the habeas petition.

Recently, in *Piggee v. Bledsoe*, 2011 WL 179688(3d Cir. 1-20-11), the Third Circuit considered an appeal by the District Court, M.D. Pa., dismissing a §2241 habeas petition for lack of jurisdiction, which was similar to Petitioner Jenkins, in which Petitioner Piggee claimed that he was actually innocent of being a career offender because his grand theft conviction should not have been classified as a felony.  The Third Circuit in *Piggee* stated:

> Piggee asserts that he is actually innocent of being a career offender, and that, under *Dorsainvil,* his claim is properly brought under Section 2241. He is mistaken. *Dorsainvil* allows relief under Section 2241 when a subsequent statutory interpretation renders a petitioner's conduct no longer criminal. 119 F.3d at 251–52. Piggee makes no allegation that he is actually innocent of the crime for which he was convicted; he only asserts that his sentence was improperly calculated. The *Dorsainvil* exception is therefore inapplicable, and relief under Section 2241is not available.

*Id*. at  *2(citation omitted).

We shall recommend that the District Court summarily dismiss Petitioner Jenkins' Habeas Petition under Rule 4 since we find that Petitioner's recourse is to file another motion to file a

second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3) with the Third Circuit. *See Davis v. Sniezek*, Civil No. 08-1119, M.D. Pa.; *Hart v. Holt*, 2007 WL 626159 (M.D. Pa.)(Court found that Petitioner should raise his instant claim that his sentence should not have been enhanced under the ACCA by filing a motion with the Third Circuit to file a successive § 2255 motion); *Winkelman v. Holt*, 2009 WL 1314864 (M.D. Pa.); *Webb v. Martinez*, 2010 WL 128315 (M.D. Pa.).

Based upon the well-settled case law, we will recommend that Petitioner Jenkins' Habeas Corpus Petition should be dismissed for lack of jurisdiction without directing service of it on Respondent.

**IV**. **Recommendation.**

Based upon the foregoing, it is respectfully recommended that Petitioner Jenkins' Petition be construed as one for Writ of Habeas Corpus under 28 U.S.C. §2241 (Doc. 1), and that it be dismissed, without directing service of it on Respondent, for lack of jurisdiction.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: June 22, 2011**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAMS R. JENKINS,            :      CIVIL ACTION NO. **1:CV-11-1061**
                                      :
           Petitioner          :      (Judge Conner)
                                        :
         v.                 :      (Magistrate Judge Blewitt)
                                        :
UNITED STATES OF AMERICA,     :
                                        :
           Respondent      :

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

Report and Recommendation dated **June 22, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

s/ **Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: June 22, 2011**